# United States District Court
# Central District of California

| | |
|---|---|
| MARCO SAAVEDRA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY PHAI CHU; LANG DU CHAU; ADVANCED OIL, INC.; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-00607-ODW(Ex)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [14, 17]** |

O

Plaintiff Marco Saavedra brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. (ECF No. 1.) Plaintiff alleges that there are several accessibility barriers at a gas station owned by Defendants Jimmy Phai Chu, Lang Du Chau, and Advanced Oil, Inc., each of which violates either the ADA Accessibility Guidelines or the California Building Code. (*Id.*) Defendants move to dismiss the Unruh Act claim, arguing that (1) the claim raises a novel issue of state law and (2) it substantially predominates over the ADA claim. (ECF No. 14.) The Court disagrees with both arguments.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deems it appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing on this Motion.

Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of State law, [or if] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(1), (2). A state law claim may substantially predominate over other claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Under either prong, the ultimate question is whether exercising supplemental jurisdiction over the state law claim "most sensibly accommodat[es] the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

First, Plaintiff's Unruh Act claim does not raise a novel or complex issue of state law. Defendants argue that Plaintiff filed this case in federal court to evade certain state law pleading requirements for construction-related accessibility claims. *See generally* Cal. Code Civ. Proc. § 425.50. Defendants argue that these requirements "were intended as a prerequisite to the award of state law damages," and that the state courts "should be allowed an opportunity to interpret the amendments further to give guidance as to their substantive impact." (Mot. at 12.) However, Defendants do not explain, and the Court cannot discern, how Section 425.50 could be construed as a substantive element of a claim under the Unruh Act. Indeed, pleading requirements are quintessentially procedural in nature, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003), and because Section 425.50's pleading requirements conflict with Rule 8, they do not apply in federal court. *See, e.g., Clark*

*v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000) ("Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law."); *Anglin v. Bakersfield Prosthetics & Orthotics Ctr. Inc.*, No. 2:13-CV-01847-JAM, 2013 WL 6858444, at *5 (E.D. Cal. Dec. 30, 2013) ("[T]he requirements of CCP section 425.50 do not govern Plaintiff's complaint in federal court . . . ."). Accordingly, Plaintiff's Unruh Act claim here does not genuinely "raise" any issue with respect to Section 425.50, and thus this is not a basis on which to decline to exercise jurisdiction.

Second, Plaintiff's Unruh Act claim does not substantially predominate over the ADA claim. A violation of the ADA also constitutes a violation of the Unruh Act, Cal. Civ. Code § 51(f), and Plaintiff expressly alleges that his Unruh Act claim is based entirely on his ADA claim. (Compl. ¶ 38, ECF No. 1.) While it is true that the Unruh Act affords Plaintiff relief not otherwise available under the ADA, such as monetary damages and mandatory (as opposed to discretionary) attorney's fees, this alone does not show that it *substantially* predominates over the ADA claim.[2] Indeed, the obvious inefficiency of requiring separate lawsuits for two substantively identical claims, as well as the concomitant possibility of inconsistent judgments, highlights precisely why this Court should retain jurisdiction over the Unruh Act claim.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Defendants also argue that Plaintiff must prove intentional conduct under the Unruh Act, whereas he need not do so for claims under the ADA. (Mot. at 8, 10.) This is not true. It is only where the plaintiff's Unruh Act claim does *not* depend on an ADA violation that the plaintiff must prove intent. *Harris v. Capital Growth Inv'rs XIV*, 52 Cal. 3d 1142, 1148 (1991). Where the plaintiff's Unruh Act *does* depend on an ADA violation, however, the plaintiff need *not* prove intent. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 672 (2009). Because Plaintiff here asserts only an ADA-dependent Unruh Act claim, the question of intent is irrelevant to that claim—and thus does not demonstrate that the Unruh Act claim predominates over the ADA claim.

To the extent the court in *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1246 (S.D. Cal. 2015), holds that courts should decline to exercise supplemental jurisdiction over Unruh Act claims in these circumstances, the Court does not find it persuasive. The Court therefore **DENIES** Defendants' Motion to Dismiss. (ECF No. 14.)

**IT IS SO ORDERED.**

June 7, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**